# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS-QUININO-SALOME, also known as Santos Quirino, also known as Jose Santos Quinino-Salome,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-237-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Santos-Quinino-Salome (Quinino) appeals the 30-month within-guidelines sentence he received following his guilty plea to illegal reentry. Quinino argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider that his reentry offense was, at bottom, a mere trespass and did not consider his benign motives for returning. Quinino further contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based.

Conceding that he failed to object in the district court, Quinino asserts that plain error review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence. He acknowledges, however, that the issue is foreclosed, and he raises it to preserve for further review. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even if we reviewed for an abuse of discretion, however, Quinino's arguments are unavailing. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing the substantive reasonableness of a sentence for abuse of discretion).

As he concedes, Quinino's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Quinino's sentence, which is at the bottom of the applicable guidelines range, is presumed reasonable. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

No. 14-51206

Quinino has not demonstrated that the district court erred, much less plainly erred, by sentencing him to a within-guidelines sentence of 30 months in prison. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92. Consequently, the judgment of the district court is AFFIRMED.